T. J. LOCKRIDGE'S ADM'R *v.* SAMUEL STONE.

**Bills and Notes—Failure to Pay—Measure of Damages.**
Where notes were payable in "confederate treasury notes," upon failure to so pay at the time stipulated for payment, the measure of damages is their value at the time and place of payment.

**Bills and Notes—Place of Payment.**
Where no place of payment of a note is fixed the law fixes the place of the residence of the payee.

APPEAL FROM BATH CIRCUIT COURT.

June 26, 1873.

OPINION BY JUDGE PETERS:

If the stipulation across the face of the paper sued on was there when it was delivered to appellant's intestate it formed a part of the contract. After it was executed and delivered it was in custody of the payee, and it could not have been altered, or materially changed without his knowledge or participation, or if it was so changed he must account for it.

From all that appears in the case the words across the face of the note "Receivable in Confederate Treasury Notes," must be regarded as forming a part of the contract and an agreement to accept such notes in satisfaction of the debt. And upon the failure of the obligor to pay the notes at the time stipulated for payment, the criterion of damage will be their value at the time and place of payment, and as no place of payment was fixed by the parties, the law fixes the place of the residence of the payee. And it does not appear from the evidence that Confederate treasury notes on the 1st of June, 1862, had any market value in Jackson County, Missouri, or that they could be used and circulated, their circulation as money, or representatives of the value of property, having been prohibited.

The proper inquiry for the jury therefore was the value of the Confederate treasury notes at the time and place of payment, and as the verdict comports with the weight of the evidence on that issue, the judgment of the court below must be *affirmed*.

*Hurt, for appellant.*

*Stone, for appellee.*